IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 38-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JOHN TRAMPUS GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on before the undersigned pursuant to a Violation Report (#40) filed by the United States Probation Office on June 15, 2015 alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Derrick Bailey, and the Government was present through Assistant United States Attorney, Thomas Kent. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence.

Defendant was charged in a bill of indictment (#1) filed on June 2, 2015 with

1

one count of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846 and three counts of possessing Pseudoephedrine, having reasonable cause to believe that that chemical would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). A hearing was held in regard to detention of Defendant on June 8, 2015. On that date, the undersigned entered an Order (#15) releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

> (8)(a) Defendant must report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.
>
> (8)(s) Defendant must participate in location monitoring program components which included home detention.

Defendant was instructed to report to the United States Probation Office on June 9, 2015 at 9:00 a.m. for processing and for the partial installation of a location monitoring technology. Defendant failed to report.

Defendant presented evidence through the testimony of Mr. Billy Roland. Mr. Roland is the brother-in-law of the Defendant. Mr. Roland testified that Defendant came to reside at Mr. Roland's home immediately after June 8, 2015. At that time, the Defendant was extremely ill, running a fever, and was being cared for by Mr. Roland's wife, who is the Defendant's sister. During the period while the Defendant

was sick, the Defendant told Mr. Roland he believed he was to go to the probation office, but the Defendant could not remember the reason why he was to visit the probation office or what the Defendant was to do in regard to his release.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>    (1)    finds that there is----
>           (A) probable cause to believe that the person has committed a
>    Federal, State, or local crime while on release; or
>           (B) clear and convincing evidence that the person has violated any
>     other condition of release; and
>    (2)    finds that ---
>           (A) based on the factors set forth in section 3142(g) of this title, there
>    is no condition or combination of conditions of release that will assure that
>    the person will not flee or pose a danger to the safety of any other person or
>    the community; or
>           (B) the person is unlikely to abide by any condition or combination
>    of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned does not find there is probable cause to believe that Defendant has committed either a federal, state crime while on release.

There has been shown by clear and convincing evidence that Defendant

violated the conditions of release that required him to report to the Office of Probation and Pretrial Services to the extent and in a manner that agency determines to be appropriate and he violated the terms and conditions of release that required Defendant to participate in a location monitoring program component. On the other hand, through the testimony of Mr. Roland, it appears the Defendant was extremely ill and has a reasonable excuse for his nonparticipation.

The undersigned has considered all of the factors as set forth under 18 U.S.C. § 3142(g). The undersigned was requested by the United States Probation Office to release Defendant on terms and conditions of release on June 8, 2015. At that time, the undersigned did not have the benefit of being advised of the criminal history of Defendant. Defendant's criminal record shows he has been convicted on thirty-eight (38) misdemeanors; four (4) felonies; and particularly has been convicted of driving while impaired six (6) times. However; due to the fact that Defendant has not violated any other term or condition of prehearing release and he has now recovered from his illness, the undersigned finds it is likely that Defendant will abide by conditions or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order releasing Defendant again on terms of pretrial release previously issued along with conditions that direct that Defendant shall not be released until the

location monitoring program has been installed and Defendant is not to operate a motor vehicle on any street, highway or public vehicular area while he is serving his pretrial release.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the Order Setting Conditions of Release (#15) previously entered in this matter shall remain in full force and effect. The terms and conditions of release shall be amended to provide that Defendant shall not be released from custody until the location monitoring equipment shall been completely installed and it shall be further **ORDERED** that Defendant shall not operate a motor vehicle upon any street, highway or public vehicular area at any time of the day or night during the period of time he is released on terms and conditions of pretrial release.

Signed: June 24, 2015

Dennis L. Howell
United States Magistrate Judge