IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 38-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JOHN TRAMPUS GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#58) filed by the United States Probation Office on June 30, 2015 alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Derrick R. Bailey, and the Government was present through Assistant United States Attorney, Tom Ascik. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, denied the allegations contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence. Testimony was then presented by the Government through Mark Corbin, United States Probation

1

Officer.

The Defendant was charged in a bill of indictment(#1) with conspiracy to distribute methamphetamine, and four counts of possession of Pseudoephedrine, having reasonable cause to believe that Pseudoephedrine would be used to manufacture methamphetamine. On June 8, 2015, an initial appearance hearing was held for Defendant. At that time, it was recommended by the Government that Defendant be released on an unsecured bond. The undersigned then entered an Order(#15) releasing Defendant on a $25,000 unsecured bond and further set conditions of release which included the following:

> (8)(s) The defendant shall participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
>
> (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer.(#15)

Defendant was allowed to be immediately released but was instructed to return to the United States Probation Office so the monitoring equipment could be

installed. Defendant did not return as he was supposed to do and a Violation Report (#40) was filed on June 15, 2015. The undersigned scheduled a hearing in regard to the Violation Report. After the hearing Defendant was released on further terms and conditions of pretrial release.(#49,52)

It is now alleged in a Violation Report(#58) that Defendant has again violated terms and conditions of his pretrial release by leaving his residence on Saturday, June 27, 2015 from 2:55 p.m. to 5:36 p.m. without first obtaining permission and further by leaving his residence on Sunday morning, June 28, 2015 at approximately 1:19 a.m. and then returning two hours later at 3:19 a.m.(#58) In testimony presented through Officer Corbin, he testified he received email messages from the company that operates the monitoring equipment on Saturday afternoon, June 27, 2015. He then went to Defendant's residence in Murphy, NC and later located Defendant some hours later. Defendant's mother advised that she had taken Defendant to the "store." Early the next morning at approximately 1:19 a.m. Officer Corbin was again advised that Defendant had left his residence for a period of two hours. When Officer Corbin confronted Defendant concerning this issue, Defendant advised he had been to get his "medicine." Defendant declined to tell Officer Corbin where he had been or where his medicine had been located.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer

shall enter an order of revocation and detention if, after a hearing, the judicial officer
-----

>    (1)    finds that there is----
>           (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>           (B) clear and convincing evidence that the person has violated any other condition of release; and
>    (2)    finds that ---
>           (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>           (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds by clear and convincing evidence that Defendant has violated the condition of release that required him to be on home detention with electronic monitoring by leaving his residence for almost two hours on Saturday, June 27, 2015 and then for another two hours during the early morning hours of June 28, 2015. Defendant has clearly violated the terms and conditions of his release which required home detention.

The undersigned has further considered the factors as set forth under 18 U.S.C. § 3142(g). The Defendant's criminal record shows he has 34 misdemeanor

convictions and four felony convictions. Defendant has failed to appear in Court on two occasions. Defendant has repeatedly violated terms and conditions of probation. It thus appears from the criminal record of Defendant and the acts of Defendant while on pretrial release, there are no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: July 8, 2015

_____
Dennis L. Howell
United States Magistrate Judge